**SO ORDERED.**

**SIGNED this 22 day of February, 2011.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FREDDIE WAYNE LONG, | ) | Case No. 09-12827 |
| | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| REVEST, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 09-5303 |
| | ) | |
| FREDDIE WAYNE LONG, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO ADD PARTIES**

1

**AND TO AMEND COUNTERCLAIM**

Among the pending actions in this heavily-lawyered adversary proceeding are ReVest's two motions for summary judgment and Freddie Wayne Long's motion to amend his counterclaim to add (1) ReVest Rentals, LLC, and William Brent Hurst as defendants, (2) Southwest National Bank ("SWNB") and the Merlin G. Troutman Trust (the "Troutman Trust") as necessary parties, (3) a claim for deceptive acts and practices under the Kansas Consumer Protection Act ("KCPA"), and (4) a claim for slander of title.[1] ReVest, LLC ("ReVest") objects to Long's Motion to Amend on grounds that it is untimely, prejudicial, futile, and brought in bad faith.[2] As will be detailed below, the parties' conduct of this case has created a procedural morass which this Court will undertake to drain in its ruling on this motion as well as the two summary judgment motions.[3]

*Background Facts*

This is, despite counsels' best efforts to befog it, a pretty simple case. In 2005, Freddy Long needed money to deal with a tax debt. Apparently unable to borrow from conventional sources, he turned to ReVest. ReVest offered to acquire his rental real estate and his homestead ("Real Estate") for cash and to lease the properties back to Long, granting him an option to repurchase them for what ReVest paid him plus interest and a fee. The parties executed an agreement that provided for as much and Long deeded over his properties. When the original option expired, ReVest issued several subsequent extensions, all for additional cash payments made by Long. Long claims these transactions were loans secured by his real estate while ReVest claims they are what they nominally

---

[1] Dkt. 75, Motion to Add Parties and to Amend Counterclaim ("Motion to Amend").

[2] Dkt. 78, Objection to Motion to Amend.

[3] The Court is not without blame here. As will be detailed below, several unexplained internal delays have injected an inappropriate amount of delay into these proceedings.

2

appear to be, sales. In addition, Long also claims that ReVest took advantage of his health and depression following his wife's death and used its dominant economic position to defraud him, committing not only common law fraud, but also violating the KCPA. At issue here, then, is: (1) whether these transactions are what they seem or whether Long is entitled to have them re-characterized as debts that he can modify in his pending chapter 11 case; and (2) whether Long is entitled to reconveyance of the properties plus damages.

On August 31, 2009, Long filed for Chapter 13 relief. He converted his case to Chapter 11 on March 4, 2010. ReVest filed this adversary proceeding on December 11, 2009, seeking a declaratory judgment that it, and not Long, owned the Real Estate. This action was likely triggered by Long's listing the Real Estate as his on his bankruptcy schedules. Long filed an Answer and Counterclaim on January 13, 2010 in which he set up a series of claims. He asserted that ReVest's actions violated the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). He also claimed that ReVest had acted unconscionably and therefore violated the Kansas Consumer Protection Act, Kan. Stat. Ann. § 50-627.[4] He further claimed that ReVest had committed fraud, that the deeds he made to ReVest should be set aside, and that title should be quieted in him.

Rather than file an answer, ReVest filed a motion to dismiss Long's Counterclaim on January 27, 2010 pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012.[5] The briefing on this motion was completed on February 23, 2010, but the motion was not referred to chambers for review until April 13, 2010. On May 26, 2010, this Court granted

---

[4] All future references to "K.S.A." refers to the Kansas Statutes Annotated.

[5] All future references to "Rule" shall refer to the Federal Rules of Civil Procedure, unless otherwise noted.

3

ReVest's motion, dismissing Long's TILA and RESPA claims with prejudice and dismissing his KCPA, fraud and quiet title claims but "with leave to amend to plead with specificity his allegations of misrepresentations alleged to have occurred within the applicable statutes of limitation."[6]

On June 17, 2010, Long filed an Amended Answer and Counterclaim which re-pleaded with more specificity his former KCPA unconscionability and fraud-based claims, but also included a new claim under the KCPA for deceptive acts and practices under K.S.A. 60-626.[7] Again, ReVest opted not to answer, instead filing a combined motion to dismiss and for summary judgment on July 7, 2010. In this motion, ReVest asserted that Long had failed to re-plead his fraud claims with specificity as required by Rule 9. ReVest also sought summary judgment on its original quiet title claim. Long immediately moved for additional time to respond to this second motion, setting the hearing on that application to August 12, 2010, two weeks after Long's initial response date. On August 12, 2010, the Court granted Long an additional 14 days to respond and on August 24, he did so. ReVest filed its Reply on September 2, 2010. Long filed what appears to be a duplicate response on September 16. Again, the matter was not referred to chambers until November 3, adding some 6 weeks to the case.

On January 10, 2011, ReVest filed a second summary judgment motion that focused entirely on the KCPA claims. After Long requested an extension of time filed on January 28, eighteen days into the 21-day response period, he filed his response to this second motion on February 14. ReVest replied on February 16 and the second motion was promptly referred to chambers for decision. Both motions are under review and the Court will rule upon them shortly.

---

[6] Dkt. 28.

[7] The deceptive acts claim was added without leave of the Court as required by Rule 15.

4

*Pretrial Process and Discovery Issues*

The Court accepted the parties' initial Report of Parties' Planning Meeting ("Report") filed on February 23, 2010.[8] That report contained the following schedule: (1) exchange initial disclosures on or before March 5, 2010, (2) complete discovery by May 26, 2010, (3) submit the Pretrial Order by June 30, 2010, (4) file dispositive motions by June 16, 2010, and (5) be ready for trial not later than July 14, 2010.[9] No pleading amendment deadline was prescribed, though Rule 16(b)(3)(A) specifically requires the Court to issue a Scheduling Order that contains one.[10]

On May 12, 2010, Long filed a Motion to Extend Time for Discovery and to Amend Scheduling Order, requesting that discovery be extended from May 26, 2010 to September 23, 2010 and to adjust other deadlines accordingly.[11] On May 13, 2010, Long filed a motion to compel ReVest to respond to certain discovery.[12] On September 7, 2010, the Court ruled on the motion to compel and rolled the discovery deadline forward to December 23, 2010, the dispositive motion deadline to January 10, 2011, and the pretrial order deadline to January 24, 2011.[13]

On December 16, 2010, Long filed a motion requesting this Court abstain from ruling on this matter as he had filed an identical case in state court.[14] ReVest objected to Long's motion to abstain

---

[8] Dkt 13, Order Adopting Report.

[9] Dkt. 12, Report of Parties' Planning Meeting.

[10] Partially as a result of this matter, the Court's Planning Report form has been revised to include this mandatory deadline.

[11] Dkt. 23.

[12] Dkt. 25.

[13] Dkt. 67.

[14] Dkt. 58.

5

and requested this Court enjoin Long from prosecuting the parallel action.[15] On January 3, 2011, the Court denied Long's motion to abstain and set ReVest's motion to enjoin for a status conference on March 17, 2011. At the hearing on the motion to abstain, Long advised he had added additional parties to his state court proceeding and would need to amend his counterclaim here. The Court noted that Long had added a new claim under the KCPA for deceptive acts and practices in the Amended Counterclaim without first seeking court approval and ordered Long to address that new claim in his anticipated motion to amend.

As of the filing of Long's motion to amend, the discovery and dispositive motion deadlines had expired. So far, the parties have not submitted a pretrial order.

*Analysis of the Motion to Amend*

Rule 15(a) provides that, after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave to amend is to be "freely given when justice so requires."[16] Granting leave to amend rests in the sound discretion of the court.[17] Although Rule 15 should be interpreted with extreme liberality, leave to amend is not to be granted automatically. In *Foman v. Davis*,[18] the Supreme Court held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave

---

[15] Dkt. 66.

[16] Fed. R. Civ. P. 15(a)(2).

[17] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

[18] 371 U.S. 178 (1962).

sought should, as the rules require, be "freely given."[19]

The Tenth Circuit has held that denial of leave to amend is appropriate when the amending party: (1) has no adequate explanation for the delay;[20] (2) knows or should have known of the facts upon which the proposed amendment is based but failed to include them in the original complaint;[21] (3) makes the complaint "a moving target;"[22] (4) attempts to "salvage a lost case by untimely suggestion of new theories of recovery;"[23] or (5) "knowingly delay[] raising [an] issue until the eve of trial."[24] Keeping these principles in mind, and considering the essential nature of their claims, the Court makes the following conclusions concerning which of the proposed amendments should be permitted at this time.

*ReVest Rentals may be added as a party*

ReVest stipulated to the addition of ReVest Rentals at the hearing on Long's motion to abstain. Accordingly, Long's request to add ReVest Rentals is GRANTED.

---

[19] *Id.* at 182 quoting Fed. R. Civ. P. 15(a).

[20] *Minter v. Prime Equip. Co*, 451 F.3d 1196, 1206 (10th Cir. 2006); *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993); *see also Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.")

[21] *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

[22] *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998).

[23] *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994).

[24] *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir. 1995).

7

*Long may not add a KCPA claim for deceptive acts and practices pursuant to K.S.A. 50-626*

Long asserted for the first time a KCPA deceptive acts claim in his Amended Counterclaim on June 17, 2010, approximately five months after filing his initial counterclaim. Long claims he added a KCPA deceptive claim in an attempt to address the Court's concerns and in response to the Court's order permitting him to amend his counterclaim. This is somewhat disingenuous. The Court granted Long leave to amend his KCPA unconscionability claim along with his fraud and quiet title claims to allow him the opportunity to plead with specificity those allegations of misrepresentations that could save those claims from being time-barred. Long did not plead a deceptive acts claim in his initial counter-claim and the Court did not consider one in its order granting dismissal of Long's claims and granting leave to amend.

In any event, because the facts forming the basis for the deceptive KCPA claim are identical to his original claims and were known long before he moved to amend his counterclaim, the Court will deny Long's request to add this claim. Long offers no valid explanation for the delay of approximately five months in adding this claim. A deceptive KCPA claim under K.S.A. 50-626 differs from an unconscionable KCPA claim under K.S.A. 50-627, not only in the basis for the claim and its allegations but in the type and measure of damages, and will add considerably to the burdens of defending and trying this case. Thus, Long's delay in requesting the addition of a KCPA claim based on deceptive acts and practices is prejudicial to ReVest, who is effectively deprived of a defense.[25] The motion to amend in a new KCPA deceptive acts claim is DENIED.

---

[25] *Cf. Rufenacht, Bromagen, and Hertz, Inc. v. Russell*, 69 B.R. 394 (D.Kan. 1987) (delay in requesting an amendment to the complaint which constitute a new and different cause of action is prejudicial in that it effectively deprives the party opposing the amendment of a defense).

8

*Long may not add Hurst as a defendant*

Long argues that "Hurst as the agent of ReVest LLC who perpetrated the consumer violations and fraudulent practices should be added as [a party defendant]." Nothing in the proposed pleading points to actionable conduct by Hurst in his own behalf as opposed to what he may have done in his representative capacity as ReVest's manager. Long dealt directly with Hurst and knew of his involvement from the beginning, but waited approximately one year after filing his counterclaim to add him as a defendant. Long offers no explanation for the delay in requesting to add Hurst as a defendant. An individual claim against Hurst raises new issues and concerns which would require reopening discovery so that Hurst could develop evidence to prepare a defense and further delay this proceeding. The Court finds that Long has unduly delayed in bringing his request to add Hurst as a party and that allowing that amendment at this time would result in undue prejudice to Hurst and ReVest. Long's request to add Hurst as a defendant is also DENIED.

*Long may add SWNB and the Troutman Trust as defendants*

Long claims that he cannot quiet title to the Real Estate without adding SWNB and the Troutman Trust because each claims a mortgages on the Properties. According to the proposed Second Amended Counterclaim, ReVest Rentals gave SWNB a mortgage on the Bonn and St. Clair properties on July 14, 2009 and ReVest gave the Troutman Trust a mortgage on the Reno County and the 167th Street properties on June 25, 2010. Long offers no explanation for the year delay in adding SWNB as a party and no explanation for the six month delay in adding the Troutman Trust as a party. As these mortgages were recorded, Long had constructive notice of them as a matter of law and, upon diligent inquiry, he should have known of their existence.

If Long prevails in his effort to recharacterize his agreements with ReVest as loan

9

transactions and the Court sets aside the deeds, Long will have quiet title claims against SWNB and the Troutman Trust.[26] Both lenders should be afforded an opportunity to defend those claims in the context of this action, even though adding them now will only further delay this Court's deciding the fundamental questions posed by Long in his counter-claims. The Court can attenuate this harm and avoid prejudice to the parties by strictly controlling the scope and time allotted for discovery with respect to the claims against the lenders. The Motion to Amend with respect to SWNB and Troutman Trust is GRANTED.

*Long may not add a claim for slander of title*

Long's proposed fifth count seeks leave to add a slander of title claim against ReVest, ReVest Rentals, and Hurst. Long claims that these three defendants have damaged him by granting mortgages against the Properties to SWNB and Troutman Trust and by those mortgages being recorded. Slander to title is a species of the intentional tort of slander whose definition is little changed from that outlined by the Kansas Supreme Court in *Stark v. Chitwood* in 1869.[27] There, the court observed that an action for slander of title could only be sustained where the charging party alleges that special damages have resulted from actions affecting the party's title taken with malice and probable cause. No malice has been pleaded here. The Court observes that even if Long prevails on his recharacterization theories, the Properties will be subject to a lien, be it held by ReVest or ReVest's lenders, SWNB or the Troutman Trust. How ReVest could be Long's grantee and hold legal title, yet somehow slander Long's title is mystifying to say the least.

---

[26] No facts are pleaded in the proposed Amended counterclaim that suggest that either SWNB or Troutman Trust have acted in bad faith.

[27] 5 Kan. 141.

Case 09-05303    Doc# 86    Filed 02/22/11    Page 10 of 11

Long's proposed slander of title claim is predicated on his characterization of the parties' transaction as a mortgage and not a sale. The addition of this claim only contributes to making his counterclaims "a moving target." The addition of a brand-new tort claim against the original defendant after the conclusion of discovery would be highly prejudicial to ReVest and ReVest Properties. Long has failed to offer any explanation for the delay in seeking leave to add a slander of title claim to his counterclaim. Leave to amend to add this claim is therefore DENIED.

*Conclusion*

The pleading and discovery phase of a lawsuit must be long enough to afford the parties an opportunity to develop their cases while guarantying that timely justice is done. This matter has been pending for over a year. Permitting Long to add parties and theories will serve to unnecessarily and unfairly extend that time. Nevertheless, the nature of one of Long's claims warrants the addition of ReVest Rentals, LLC, Southwest National Bank and Troutman Trust as parties defendant to Long's claim to set aside the deeds and to quiet title in the Properties (Count IV). Long's motion is otherwise denied. There will be no further discovery or dispositive motion practice between and among ReVest, Revest Rentals, and Long. At such time as service is accomplished against SWNB and Troutman Trust and the pleadings are joined, the Court will issue scheduling pertaining to the claims against those parties only. Further motions to amend are barred.

A status conference is this case has been set for March 17, 2011 at 10:30 a.m. to consider ReVest's Motion to Enjoin Prosecution of Parallel Action. The parties shall submit their portions of the proposed pretrial order (contentions, issues, witnesses, exhibits, etc.) not later than March 10, 2011 so that they may be considered at the March 17, 2011 conference.

# # # #