**SO ORDERED.**

**SIGNED this 23 day of February, 2011.**



_____
            ROBERT E. NUGENT
    UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **FREDDIE WAYNE LONG,** | ) | **Case No. 09-12827** |
| | ) | **Chapter 13** |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| **REVEST, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Adversary No. 09-5303** |
| | ) | |
| **FREDDIE WAYNE LONG,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

1

## ORDER ON REVEST'S MOTION TO ENJOIN
## PROSECUTION OF PARALLEL ACTION

Embedded in its objection to Freddie Long's motion for abstention is ReVest, LLC's ("ReVest") motion to enjoin Long from prosecuting a state court action that is nearly identical to that which he has filed via his counterclaims in this adversary proceeding.[1] The Court heard and denied Long's motion to abstain on January 3, 2011, but retained this motion under advisement and is now ready to rule.

*Factual Background*

Long filed for Chapter 13 relief on August 31, 2009. He converted his case to Chapter 11 on March 4, 2010. ReVest filed this adversary proceeding on December 11, 2009, seeking a declaratory judgment that it, and not Long, owned certain real estate. Long filed an Answer and Counterclaim on January 13, 2010 in which he set up a series of claims.

Rather than file an answer, ReVest filed a Federal Rule of Civil Procedure 12(b)[2] motion to dismiss Long's Counterclaim on January 27, 2010. On May 26, 2010, this Court granted ReVest's motion to dismiss but granted Long "leave to amend to plead with specificity his allegations of misrepresentations alleged to have occurred within the applicable statutes of limitation."[3]

On June 17, 2010, Long filed an Amended Answer and Counterclaim. Again, ReVest

---

[1] Dkt. 66.

[2] Fed. R. Civ. P. 12(b) applies to adversary proceedings under Fed. R. Bank. P. 7012 as do most of the Civil Rules. References to "Rule __" relate to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Dkt. 28.

opted not to answer, instead filing a combined motion to dismiss and for summary judgment on July 7, 2010. That motion and a subsequent motion for summary judgment are under review and the Court will rule upon them shortly.

On December 13, 2010, more than ten months after filing his initial counterclaim, Long filed a state court action in the District Court of Sedgwick County, Kansas that mirrors his claims here ("State Court Action"). On December 16, 2010, Long filed a motion requesting this Court abstain from ruling on this matter as he had filed an identical case in state court.[4] ReVest filed an objection to the motion to abstain and requested that this Court enjoin Long from prosecuting his state action. On January 3, 2011, the Court denied Long's motion to abstain, set ReVest's motion to enjoin for a status conference on March 17, 2011, and gave Long 21 days from the date of the hearing to file a response to the motion to enjoin. No response has been filed.

*Discussion*

Federal courts generally do not have authority to enjoin state court proceedings because of the Anti-Injunction Act, which provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment.[5]

The Tenth Circuit, however, has found that a bankruptcy court is not a "court of the United States" as defined in 28 U.S.C. § 451 and that the definition contained in § 451 "is applicable to

---

[4] Dkt. 58.

[5] 28 U.S.C. § 2283.

all of Title 28."[6]  The Anti-Injunction Act is part of the Judicial Code, Title 28.  Under the

*Courtesy Inns* rule, the Anti-Injunction Act does not apply to bankruptcy courts and does not

limit a bankruptcy court's power to grant an injunction to stay proceedings in a state court.  Even

if it does, the Bankruptcy Code still affords the Court considerable discretion in acting to protect

its jurisdiction or to prevent an abuse of process.

11 U.S.C. § 105(a) amply provides for the relief requested by ReVest in an appropriate

situation:

> The court may issue any order, process, or judgment that is necessary or
> appropriate to carry out the provisions of this title.  No provision of this title
> providing for the raising of an issue by a party in interest shall be construed to
> preclude the court from, sua sponte, taking any action or making any
> determination necessary or appropriate to enforce or implement court orders or
> rules, or to prevent an abuse of process.[7]

"A stay of litigation in another forum may be 'necessary or appropriate' to ensure that the state

court proceeding does not hurt the bankruptcy estate, impair a debtor's reorganization efforts, or

---

[6] *In re Courtesy Inns, Ltd., Inc*., 40 F3d 1084, 1086 (10th Cir. 1994) (a bankruptcy court is not a "court of the United States" and therefore cannot impose sanctions under 28 U.S.C. § 1927).  "Court of the United States" is defined in § 451 as including the Supreme Court, the courts of appeals, the district courts, the Court of International Trade and "any court created by Act of Congress the judges of which are entitled to hold office during good behavior."  Circuit courts are split on this issue.  *Compare In re Schaefer Salt Recovery, Inc*., 542 F.3d 90, 105 (3rd Cir .2008) (finding that a bankruptcy court is a unit of the district court which is a "court of the United States" and "thus the bankruptcy court comes within the scope of § 451."); *In re Parker*, 499 F.3d 616, 626 (6th Cir. 2007) (holding that 11 U.S.C. § 105(a) is an "expressly authorized" exception under the Anti-Injunction Act, thereby at least implicitly finding that the Anti-Injunction Act applies to bankruptcy courts); and *In re Cohoes Indus. Terminal, Inc*., 931 F.2d 222, 230 (2nd Cir. 1991) (bankruptcy courts have the authority to impose sanctions under 28 U.S.C. § 1927, thereby at least implicitly finding that the bankruptcy court is a "court of the United States") with *In re Perroton*, 958 F.2d 889, 894-895 (9th Cir. 1992) (holding that the bankruptcy court is not a "court of the United States" within the meaning of 28 U.S.C. § 451).

[7] Further statutory references are to Title 11, U.S.C., unless otherwise provided.

4

after termination of the automatic stay when the dischargeability of a particular debt has not yet been determined."[8]

Courts often use traditional preliminary injunction standards to evaluate a request to enjoin litigation pending in a different forum. "To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harms that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest."[9] "[B]ecause a preliminary injunction is an extraordinary remedy, the [movant's] right to relief must be clear and unequivocal."[10]

There are a number of problems with Long proceeding in the parallel universe of state court while this adversary proceeding is pending. First, and foremost, Long chose to bring his action against ReVest here in the form of the counterclaims filed in response to ReVest's complaint. Second, Long's state court action was filed long after Long filed his bankruptcy case. Third, this Court has spent significant judicial time and resources to this matter by deciding one dispositive motion and preparing to decide two more, overseeing discovery disputes, and adjudicating a motion to amend the counterclaims. Nearly any action the parties may be required to take in Sedgwick County District Court will duplicate actions already taken or to be taken here. Substantial burdens will be laid upon ReVest if it is required to re-litigate the issues

---

[8] *Buke, LLC v. Eastburg (In re Eastburg)*, 440 B.R. 864 (Bankr. D. N.M. 2010) (internal citations omitted).

[9] *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[10] *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation marks omitted).

5

in this case in state court. Likewise, substantial burdens will be laid on Long's bankruptcy estate if it is required to pay lawyers to duplicate work already done here in the new state court case.

As a result of all this, the Court concludes that the prejudice to ReVest would likely outweigh any harm that Long might suffer by being denied the opportunity to litigate on two fronts. Long will not be irreparably harmed by proceeding here as he previously opted to do. Public policy certainly militates against litigating in two courts with the same parties over the same issues. At least of the three preliminary injunction elements weigh in ReVest's favor and its right to relief is "unequivocal." The Court makes no surmise whatever concerning who will ultimately prevail on the merits in this case.

Because this matter was filed here first, has been pending over a year, is fully discovered, and because dispositive motions will shortly be decided, Long shall desist from further action in pursuit of the state court case. The Court believes this order to be "necessary and appropriate" within the meaning of § 105(a) because the causes of action being prosecuted there and here are property of Long's estate and, to a great degree, the outcome of these claims will affect the manner in which Long can reorganize his affairs in chapter 11 and what he can pay his creditors under a chapter 11 plan. Filing a new case "across the street" more than ten months into an adversary proceeding here smacks of forum-shopping, wastes estate resources, duplicates the work the parties have already done, and unduly burdens the state court.

Based on the foregoing, the Court exercises its equitable powers under 11 U.S.C. § 105 to enjoin Long from further prosecution of the state court action. ReVest's motion to enjoin is GRANTED. Long and all of the other parties to the state court action shall desist from its further prosecution. ReVest shall provide the judge presiding in the state court action with a file-

6

marked copy of this Order.[11]

# # #

---

[11] As always, that judge is welcome to contact this judge with any questions or concerns.